## Case No. 6,742.

### HOVEY v. HENRY.

[3 West. Law J. (1846) 153.]

Circuit Court, D. Massachusetts.

PATENTABLE INVENTION—COMBINATIONS.

[A patent for a combination is not invalidated by showing that each part or element had been known and used before. Rather, it must be shown that all the elements had been known and used in the present combination; and, if this is the case, it is immaterial that they were applied to a different object, for there is no invention in applying a known combination to a new object.]

This was an action on the case, brought by William Hovey, of Worcester, against Erastus Henry, of Woodstock, Connecticut, for an infringement of the plaintiff's patent for an improvement in the "straw cutter." The patent [No. 3,431] was dated February 12th, 1844. The concluding part or claim of the specification was as follows: "I do not claim a cylinder of knives cutting against a solid surface, as that has been done before; but what I claim as my invention, and desire to secure by letters patent, is the cylinder, having any number of arms around it, to which adjustable knives are affixed, constructed and arranged as above described, in combination with the roller against which they cut, in the manner and for the purpose herein set forth."

Plea, the general issue, with a notice, in pursuance of the statute, of the evidence to be introduced.

It was admitted in the defence, that the defendant had made and sold straw cutters, substantially like that of the plaintiff, with adjustable knives. It was contended, however, and evidence was given tending to show that the improvement of the plaintiff was not new. It appeared that "Green's" straw cutter, patented in 1831, contained a cylinder of knives, cutting upon a smooth roller; but the knives were not adjustable. It also appeared that in the rag cutter, the knives were adjustable, but that they operated in a different manner from those of the straw cutter, producing a different cut, and were in combination with a firm bar beneath, and not with a smooth roller. On this evidence, it was contended for the plaintiff, that his straw cutter presented a combination which had been unknown before his invention. Another ground of defence was, that the plaintiff had sold his invention more than two years previous to his application for a patent, so that the patent was void under the act of March 3, 1839, § 7 [5 Stat. 354]. It was admitted that the application was made December 22, 1843; and evidence was offered tending to show a sale, some time in the month of December; but there was no proof of a sale prior to December the 31st. The remaining ground of defence was, that the plaintiff had abandoned his invention to the public before his application for a patent; and evidence was introduced, showing numerous sales by the plaintiff during the two years prior to the application for a patent, and also advertisements of the plaintiff's straw cutter in various newspapers. It did not appear that the plaintiff had allowed persons to make the machine during these two years without accountability to him.

O. L. Bridges and Charles Sumner, for plaintiff.

Charles F. Russell, for defendant.

WOODBURY, Circuit Justice (summing up to the jury), stated that the claim of the plaintiff was for a new combination, and that, in order to support this, the combination must differ substantially and materially from former combinations. The burthen of proof was on the defendant to show that the combination was not new. To do this, it

was not sufficient to show that each part or element of the combination had been known and used before; but that all the parts had been known and used in the present combination, and it was not a new invention, if all the parts in a combination had been applied to a different object before, and they were now only applied to a new object. With regard to the defence that the plaintiff had put his invention on sale more than two years prior to the application for a patent, here the burthen was on the defendant. This was in the nature of a statute of limitations; and it was for the defendant to make it out to the satisfaction of the jury that there had been such a sale; and he must do this in a manner that would justify the jury in taking away the property of the plaintiff. An inventor holds a property in his invention by as good a title as the farmer holds his farm and flock. With regard to the abandonment, there must be evidence of a distinct character, showing such an intention. The natural presumption would be that the person who had invented a machine, would not give it to the world.

NOTE. The plaintiff did not ask for vindictive damages, but merely such as should establish his right. Verdict for the plaintiff, and damages assessed at $350. The effect of the verdict is to establish the plaintiff's title to a very valuable patent-right in the straw cutter.